# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

ANGELA YVETTE LEE,

    Debtor.

Case No. 08-15455-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's application for a waiver of the filing fee under 28 U.S.C. §1930(f)(1). The statute provides:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.

The Judicial Conference of the United States promulgated Interim Procedures Regarding chapter 7 fee waivers on August 11, 2005. Paragraph II(A)(1) of the Interim Procedure states:

> The district court or the bankruptcy court may waive the chapter 7 filing fee for an individual debtor who: (a) has income less than 150 percent of the poverty guidelines last published by the United States Department of Health and Human Services (DHHS) applicable to a family of the size involved;[2] and (b) is unable to pay that fee in installments.

Footnote 2 explains that:

> The statute provides, in part, that the court may waive the filing fee "if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget and revised

1

> annually in accordance with section 673(2) of the Omnibus Budget Reconciliation
> Act of 1981) applicable to a family of the size involved . . ." These procedures
> interpret this statutory language to refer to the poverty guidelines updated
> periodically in the Federal Register by the U.S. Department of Health and Human
> Services under the authority of 42 U.S.C. § 9902(2). The phrase "income official
> poverty line as defined by the Office of Management and Budget" refers to the
> poverty thresholds set by the Census Bureau. OMB has never issued poverty
> thresholds or guidelines, but in August 1969, the Bureau of the Budget (the
> predecessor of OMB) did issue a document designating the Census Bureau poverty
> thresholds as the federal government's official statistical definition of poverty.
> Section 673(2) of the Omnibus Budget Reconciliation Act of 1981 (codified in 42
> U.S.C. § 9902(2)) requires the Secretary of Health and Human Services to update the
> poverty guidelines annually. The thresholds are mentioned in that legislative section
> because they are the starting point from which the poverty guidelines are calculated.
> The Bureau of Census poverty thresholds are typically used for statistical purposes
> whereas the DHHS poverty guidelines are used administratively to determine
> program eligibility.

Judicial Conference Interim Procedure, Paragraph II(A)(1), n.2.[1]

Applying the Interim Procedure, the court looks to the debtor's reported monthly gross income, which in this case is $2,601.00, and the family size as defined in the Interim Procedure.[2] In this case there are two, the debtor and one dependent. The applicable threshold is $1,750 a month. This is taken from the table prepared by the Administrative Office of the United States Courts. The current copy is appended to this opinion. In this case, the debtor's income exceeds 150% of the official poverty line and the court may not waive the filing fee.

While the court is sympathetic to the debtor's dire circumstances, the requirements for waiving the filing fee are mandatory. The debtor's income must be less than 150% of the official poverty line. In this case is it not and the court may not waive the filing fee. The court will deny the

---

[1] The entire Interim Procedure is at http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html.

[2] Paragraph II(A)(4) of the Interim Procedure defines family size "as the debtor(s), the debtor's spouse (unless the spouses are separated and a joint petition is not being filed), and any dependents listed on Schedule I."

debtor's request for a waiver of the filing fee but permit it to be paid in installments.

    Alexandria, Virginia
    September 12, 2008

    /s/ Robert G. Mayer
    Robert G. Mayer
    United States Bankruptcy Judge

14568

| **150% of the HHS Poverty Guidelines for 2008*** <br> Monthly Basis | | | |
|---|---|---|---|
| Persons in family unit | 48 Contiguous States and D.C. | Alaska | Hawaii |
| 1 | $1,300.00 | $1,625.00 | $1,495.00 |
| 2 | $1,750.00 | $2,187.50 | $2,012.50 |
| 3 | $2,200.00 | $2,750.00 | $2,530.00 |
| 4 | $2,650.00 | $3,312.50 | $3,047.50 |
| 5 | $3,100.00 | $3,875.00 | $3,565.00 |
| 6 | $3,550.00 | $4,437.50 | $4,082.50 |
| 7 | $4,000.00 | $5,000.00 | $4,600.00 |
| 8 | $4,450.00 | $5,562.50 | $5,117.50 |
| For each additional person add | $450.00 | $562.50 | $517.50 |

* As required by section 673(2) of the Omnibus Budget Reconciliation Act of 1981 (Pub. L. 97-35 - reauthorized by Pub. L. 105-285, Section 201 (1988)).

| 150% of the HHS Poverty Guidelines for 2008* Annual Basis | | | |
|---|---|---|---|
| Persons in family unit | 48 Contiguous States and D.C. | Alaska | Hawaii |
| 1 | $15,600 | $19,500 | $17,940 |
| 2 | $21,000 | $26,250 | $24,150 |
| 3 | $26,400 | $33,000 | $30,360 |
| 4 | $31,800 | $39,750 | $36,570 |
| 5 | $37,200 | $46,500 | $42,780 |
| 6 | $42,600 | $53,250 | $48,990 |
| 7 | $48,000 | $60,000 | $55,200 |
| 8 | $53,400 | $66,750 | $61,410 |
| For each additional person add | $5,400 | $6,750 | $6,210 |

* As required by section 673(2) of the Omnibus Budget Reconciliation Act of 1981 (Pub. L. 97-35 - reauthorized by Pub. L. 105-285, Section 201 (1988)).

Copy electronically to:

Q. Russell Hatchl
Richard A. Bartl
United States Trustee